S12Y0211. IN THE MATTER OF PAUL LAWRENCE ERICKSON.
(720 SE2d 632)

PER CURIAM.

In this reciprocal discipline case the Review Panel issued its Report and Recommendation recommending that Paul Lawrence Erickson (State Bar No. 249902), who has been a member of the State Bar of Georgia since 1995, be suspended from the practice of law in Georgia for five years with conditions on his reinstatement. The recommendation was based on the fact that identical discipline was imposed in North Carolina due to Erickson's representation of multiple clients in 2003 and 2004 whom he knew to be participating in fraudulent mortgage-elimination and debt-elimination schemes and on whose behalf he knowingly made false and misleading statements in court and advanced fraudulent and frivolous legal arguments which relied upon documents that he knew to be fraudulent, all with the intent of misleading the court. According to the North Carolina tribunals, his actions caused significant expense and delay in creditors' pursuit of their legitimate claims; caused delay and waste of court time; prejudiced the administration of justice; and left his clients in a worse position than he found them.

After learning of the North Carolina suspension, the State Bar filed a Notice of Reciprocal Discipline to which it attached the Judgment of the Disciplinary Hearing Commission of the North Carolina Bar suspending Erickson for five years (effective August 14, 2008); the North Carolina Court of Appeals' December 7, 2010 opinion affirming the five-year suspension, *North Carolina State Bar v. Erickson*, 702 SE2d 555, 2010 N.C. App. LEXIS 2161 (2010) (table); and the March 15, 2011 order of the United States Court of Appeals for the Fourth Circuit imposing a five-year suspension as reciprocal discipline. See Rule 9.4 (b), as amended, of the Georgia Rules of Professional Conduct as found in Bar Rule 4-102 (d). Erickson voluntarily acknowledged service in July 2011 and filed a

response to this reciprocal proceeding in which he argued that the North Carolina discipline was unduly harsh and unwarranted; that he was denied a full and fair hearing in North Carolina; that those tribunals ignored evidence that tended to prove he had not committed the disciplinary infractions; that the Disciplinary Hearing Commission erred by adopting, without changes, the proposed order submitted by the prosecutor; and that the federal court erred in imposing reciprocal discipline given the record. The State Bar responded, noting the pronouncement in Comment 4, of Rule 9.4 that a judicial determination of misconduct in another jurisdiction is conclusive and not subject to re-litigation.

The Review Panel then issued its report and recommendation, properly recognizing that under Rule 9.4 (b) (3), it was required to recommend substantially similar discipline unless it found clearly from the face of the record from which the discipline was predicated that certain elements existed which would give the Review Panel discretion to make such other recommendation as it deemed appropriate. Based on its careful review of the underlying orders imposing and affirming the North Carolina discipline, which include the procedural history and summarize the underlying matters giving rise to the suspension, the Review Panel found that none of the elements listed in Rule 9.4 (b) (3) were present and accordingly, it unanimously recommended as reciprocal discipline a five-year suspension with Erickson's reinstatement to the practice of law in Georgia conditioned upon proof that he has been reinstated to practice law in North Carolina and has fully complied with all of the conditions imposed in North Carolina for reinstatement. Neither Erickson nor the State Bar filed exceptions to the Review Panel's report.

We have reviewed the record and agree that the discipline recommended by the Review Panel is substantially similar to the discipline imposed in North Carolina and is the appropriate punishment in this case. Accordingly, Paul Lawrence Erickson hereby is suspended from the practice of law in the State of Georgia for a period of five years from the date of this opinion and his reinstatement to the practice of law in Georgia is conditioned upon proof that he has been reinstated to practice law in North Carolina and has fully complied with all of the conditions for reinstatement set forth in the order of the North Carolina Disciplinary Hearing Commission dated August 14, 2008. He is reminded of his duties under Bar Rule 4-219 (c).

*Five-year suspension. All the Justices concur.*

DECIDED JANUARY 9, 2012.

*Paula J. Frederick, General Counsel State Bar, Carmen R. Rafter, Assistant General Counsel State Bar*, for State Bar of Georgia.